Mr. Daniel J. Bosanko St. Johns County Attorney Post Office Box 349 St. Augustine, Florida 32085-349 Attn: Mr. Patrick F. McCormack
Dear Mr. Bosanko:
As St. Johns County Attorney, you have asked for my opinion on substantially the following questions:
1. Is St. Johns County authorized to entirely prohibit the sale of a private water/wastewater system located within the county to a municipality located outside the county?
2. Must such sale be approved as a matter of right if the criteria described in section 367.071(4)(a), Florida Statutes, are satisfied?
You have advised this office that a water/wastewater utility located within St. Johns County is currently for sale. The Board of County Commissioners is concerned that a municipality located outside the county may purchase this utility. The county fears that its citizens may not be fairly represented if their water and wastewater service provider is a governmental authority located outside the county and therefore is not politically accountable to the same degree as utilities regulated by St. Johns County.[1]
Question One
Section 125.01(1)(k), Florida Statutes, provides that counties may "[p]rovide and regulate waste and sewage collection and disposal, water and alternative water supplies . . . ." As you have advised in your letter, St. Johns County regulates county utilities through a county ordinance.
Pursuant to the Florida Constitution, noncharter counties such as St. Johns County have only such powers of self-government as are provided by general or special law.[2] In this regard, the Legislature has granted noncharter counties broad powers to carry on county government. Section125.01(1), Florida Statutes, provides that "[t]he legislative and governing body of a county shall have the power to carry on county government [and to] the extent not inconsistent with general or special law . . ." to exercise the general powers enumerated therein. Section1(f), Art. VIII, Florida Constitution, provides that the governing bodies of noncharter counties may enact ordinances not inconsistent with general or special law. Thus, noncharter counties, pursuant to section 125.01(1), Florida Statutes, may exercise the general powers enumerated therein, including providing for and regulating water and alternative water supplies,[3] and have all implied powers necessary or incident to carrying out such enumerated powers.[4] Those powers that may be exercised by county governments, however, are ultimately derived from the state and the jurisdiction of every county may be qualified by law.[5]
In this regard, Chapter 153, Florida Statutes, relating to county water and sewer systems, provides counties with certain general powers regarding water systems. Pursuant to section 153.03(1), Florida Statutes, a county is authorized:
"To purchase and/or construct and to improve, extend, enlarge, and reconstruct a water supply system or systems or sewage disposal system or systems, or both, within such county and any adjoining county or counties and to purchase and/or construct or reconstruct water system improvements or sewer improvements, or both, within such county and any adjoining county or counties and to operate, manage and control all such systems so purchased and/or constructed and all properties pertaining thereto and to furnish and supply water and sewage collection and disposal services to any of such counties and to any municipalities and any persons, firms or corporations, public or private, in any of such counties; provided, however, that none of the facilities provided by this chapter may be constructed, owned, operated or maintained by the county on property located within the corporate limits of any municipality without the consent of the council, commission or body having general legislative authority in the government of such municipality unless such facilities were owned by the county on such property prior to the time such property was included within the corporate limits of such municipality. No county shall furnish any of the facilities provided by this chapter to any property already being furnished like facilities by any municipality without the express consent of the council, commission or body having general legislative authority in the government of such municipality."
Clearly, then, counties are authorized to purchase, construct, and control water supply systems and water system improvements within the county or any adjoining county.
Like counties, municipalities are authorized to purchase and sell water utilities. Chapter 180, Florida Statutes, deals with municipal public works. Pursuant to provisions of this chapter, municipalities are authorized "[t]o provide water and alternative water supplies . . . for domestic, municipal or industrial uses[.]"[6] Section 180.301, Florida Statutes, provides a procedure for the purchase, sale, or privatization of water, sewer, or wastewater reuse utilities by municipalities and establishes criteria for these transactions:
"No municipality may purchase or sell a water . . . utility that provides service to the public for compensation . . . until the governing body of the municipality has held a public hearing on the purchase [or] sale . . .and made a determination that the purchase [or] sale . . . is in the public interest. In determining if the purchase [or] sale . . . is in the public interest, the municipality shall consider, at a minimum, the following:
(1) The most recent available income and expense statement for the utility;
(2) The most recent available balance sheet for the utility, listing assets and liabilities and clearly showing the amount of contributions-in-aid-of-construction and the accumulated depreciation thereon;
(3) A statement of the existing rate base of the utility for regulatory purposes;
(4) The physical condition of the utility facilities being purchased [or]sold . . .
(5) The reasonableness of the purchase [or] sale . . . price and terms;
(6) The impacts of the purchase [or] sale . . . on utility customers, both positive and negative;
(7)(a) Any additional investment required . . .
* * *
(8) The alternatives to the purchase [or] sale . . . and the potential impact on utility customers if the purchase [or] sale . . . is not made; and
(9)(a) The ability of the purchaser . . . to provide and maintain high-quality and cost-effective utility service, whether the purchaser is the municipality or the entity purchasing the utility from the municipality."
The statute also requires that the municipality prepare a statement showing that the purchase or sale of such a facility is in the public interest. The statement must include a summary of the purchaser's experience in water utility operation and proof of financial ability to provide the service.
Chapter 180, Florida Statutes, makes provision for municipal public works. The powers of municipalities provided in Chapter 180 may extend beyond the corporate limits of the municipality. As provided in section180.02(2), Florida Statutes:
"Any municipality may extend and execute all of its corporate powers applicable for the accomplishment of the purposes of this chapter outside of its corporate limits, as hereinafter provided and as may be desirable or necessary for the promotion of the public health, safety and welfare or for the accomplishment of the purposes of this chapter; provided, however, that said corporate powers shall not extend or apply within the corporate limits of another municipality."
The statute provides that a municipality desiring to act under the provisions of Chapter 180 may create a zone or area by ordinance and develop reasonable regulations "requiring all persons or corporations living or doing business within said area to connect, when available, with any . . . alternative water supply system . . . operated under the provisions of [Chapter 180]."[7] The municipality cannot include any area within the limits of any other incorporated city, nor shall such area or zone extend for more than 5 miles from the corporate limits of the municipality.
Chapter 180, Florida Statutes, also imposes a limitation on rates charged to consumers outside the city limits. As provided in s. 180.191, Florida Statutes, "[a]ny municipality within the state operating a water . . . utility outside of the boundaries of such municipality shall charge consumers outside the boundaries rates, fees, and charges" determined according to one of the specified statutory formulas. The municipality may charge the same rates, fees, and charges as apply to consumers inside the municipal boundaries;[8] or it may charge rates, fees and charges that are "just and equitable and which are based on the same factors used in fixing the rates, fees, and charges for consumers inside the municipal boundaries."[9] The statute authorizes a surcharge of up to 25 percent for customers outside the municipal boundaries and prohibits the total of these rates, fees, and charges from exceeding 50 percent in excess of the total amount charged to consumers served within the municipality for corresponding service.[10]
Clearly, the Florida Statutes contemplate the ownership and operation of water utilities by municipalities outside their corporate limits. I am aware of no statutory provision, and you have brought none to my attention, that would authorize a county to prohibit a municipality from purchasing and operating a water utility located in an adjacent county. Thus, because noncharter counties have only such powers of self-government as are provided by general or special law, it is my opinion that a noncharter county has no authority to prohibit the acquisition by a municipality of a water utility within the boundaries of the county.
Question Two
You have also asked whether the provisions of section 367.071(4)(a), Florida Statutes, require the county to approve the sale of a water utility to a municipality if all the criteria of the statute are satisfied.
You have advised this office that St. Johns County has opted out of Public Service Commission regulation pursuant to section 367.171, Florida Statutes. Sections 367.171(6) and (8), however, require counties that are excluded from regulation by the commission to comply with certain provisions of Chapter 367, Florida Statutes, with regard to rate setting. Subsection (6) requires that any such county shall "adopt and follow as minimum standards of regulation the provisions of s. 367.081, except for paragraph (4)(a), and s. 367.082, except that the word `commission' shall be read as `the governing body of such county' when the context implies or admits." Subsection (8) mandates that counties excluded from the provisions of chapter 367 "shall regulate the rates of all utilities in that county . . . pursuant to s. 367.081(1), (2), (3), and (6)." The statute does not require any county that has opted out of commission regulation pursuant to section 367.171 to follow the certificate of authorization provisions of section 367.071, Florida Statutes.
Section 367.071, Florida Statutes, prohibits any utility from selling, assigning, or transferring its certificate of authorization, facilities or any portion thereof, without determination and approval of the Public Service Commission. Subsection (4) of this statute states:
"An application (for proposed sale of the utility) shall be disposed of as provided in s. 367.045, except that:
(a) The sale of facilities, in whole or part, to a governmental authority shall be approved as a matter of right; however, the governmental authority shall, prior to taking any official action, obtain from the utility or commission with respect to the facilities to be sold the most recent available income and expense statement, balance sheet, and statement of rate base for regulatory purposes and contributions-in-aid-of-construction."
As discussed above, nothing in section 367.171, Florida Statutes, makes these provisions applicable to a county that has opted out of Public Service Commission regulation.
In sum, it is my opinion that a county that is not subject to Public Service Commission regulation has no responsibility under section367.071(4), Florida Statutes, to dispose of an application for the sale or transfer of a utilities certificate of authorization or facilities as provided in that statute.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] St. Johns County utilities were previously regulated by the Public Service Commission but, as authorized by s. 367.171(6), Fla. Stat., the county has removed its utilities from PSC regulation and now regulates utilities within St. Johns County through ordinance.
[2] See, e.g., s. 1(f), Article VIII, Fla. Const., and AGO 81-24 (counties and municipalities possess certain constitutional and statutory powers relating to the acquisition, construction, financing, operation, maintenance and management of sewage collection, disposal and treatment facilities and services).
[3] Section 125.01(1)(k), Fla. Stat., see also, ch. 153, Fla. Stat.
[4] Section 125.01(3), Fla. Stat.
[5] See Cross Key Waterways v. Askew, 351 So.2d 1062 (Fla. 1st DCA 1977), affirmed, 372 So.2d 913 (Fla. 1978).
[6] Section 180.06(3), Fla. Stat.
[7] Section 180.02(3), Fla. Stat.
[8] Section 180.191(1)(a), Fla. Stat.
[9] Section 180.191(1)(b), Fla. Stat.
[10] Section 180.191(1)(b), Fla. Stat. I would note that the provisions of section 180.191, Fla. Stat., apply to municipally owned water and sewer utilities located within a single county or to municipally owned water utilities beyond the confines of a single county pursuant to an interlocal agreement.